IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | |
|---|---|
| TAMMIE BULL, Individually and as<br>Special Administratrix of the<br>Estate of Michael Bull | PLAINTIFF/<br>COUNTER-DEFENDANT |
| v. | No. 4:17-cv-334-DPM |
| FREEDOM MORTGAGE CORPORATION<br>and LOANCARE LLC | DEFENDANTS |
| FREEDOM MORTGAGE<br>CORPORATION | COUNTER-CLAIMANT/<br>THIRD-PARTY PLAINTIFF |
| SUTTER & GILLHAM PLLC | THIRD-PARTY DEFENDANT |

ORDER

The record is too murky for the Court to rule on most of Freedom's early motion for summary judgment. The weight of authority suggests that Bull probably lacks standing to challenge the mortgage's assignment—unless she can show some sort of injury. *Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372 (8th Cir. 2016); *In re Baber*, 523 B.R. 156, 160–61 (E.D. Ark. 2014). Perhaps she can. Michael Bull's affidavit, for example, mentions unaccounted-for payments, insurance, and taxes. № 39 at 4–6. Improper assignments may have contributed to these alleged accounting errors. Simple discovery—on payments, taxes, insurance, and chain of title—will resolve these

nagging ambiguities.  In these circumstances, some discovery is less prejudicial than premature adjudication on the merits.  This same rationale applies to Bull's quiet title claim.  As best the Court can tell, Bull isn't trying to avoid her debt entirely; instead, she's trying to sort who she owes and how much.  This claim therefore seems to boil down to the chain of title and payment issues.  Bull's TILA and RESPA allegations, though, are conclusory, fail to state a claim, and seem to have been abandoned in the briefing.  They're dismissed without prejudice.  Freedom's motion for summary judgment, № 17, is otherwise denied without prejudice.  After discovery is done, please follow the Scheduling Order on the protocol for a renewed motion for summary judgment.

So Ordered.

*D.P. Marshall Jr.*
*United States District Judge*

10 May 2018